UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAMUEL MARTIN | CIVIL ACTION |
| VERSUS | NO. 15-3217 |
| NATHAN CAIN ET AL. | SECTION "E"(2) |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.    FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Samuel Martin, is incarcerated in the Avoyelles Correctional Center in Cottonport, Louisiana.[2] On September 30, 2009, Martin was charged by bill of information in Jefferson Parish as felon in possession of a weapon and with assault on a police officer with a firearm and public intimidation of a police officer.[3] The Louisiana Fifth Circuit Court of Appeal summarized the facts determined at trial as follows:

> Officer Ryan Mekdessie of the Gretna Police Department testified that on September 13, 2009, at approximately 10:00 p.m., he was traveling on Lafayette Street, which turns into Belle Chasse Highway, when he observed a white Acura traveling southbound with a broken taillight on the passenger side. He activated his lights and sirens in an attempt to stop the vehicle, but the Acura did not stop. Instead, the vehicle continued southbound on Belle Chasse Highway, turned right onto 19th Street, made a left turn onto Newton Street, and then either pulled into the driveway or onto the grassy area in front of a residence at 1908 Newton Street.
>     The officer stopped behind the Acura and exited his vehicle. At that time, the driver of the Acura, later identified as defendant, opened his door. Officer Mekdessie ordered defendant to shut the door. According to the officer, defendant then exited his vehicle with a pistol grip shotgun, turned toward Officer Mekdessie's direction, and pointed the weapon at him. Officer Mekdessie retrieved his duty weapon and ordered defendant to drop his weapon. Defendant dropped the shotgun next to the driver's side door and then fled. Officer Mekdessie holstered his weapon, grabbed his taser, and gave chase. He deployed his taser, but missed defendant.
>     When Officer Mekdessie noticed that there were two other people in the Acura, he grabbed his duty weapon and ordered the subjects to show him their hands and stay in the vehicle. The back seat passenger did not comply and exited the vehicle. The back seat passenger was tasered and eventually arrested for interfering, resisting, and possession of marijuana. Officer

---

[2] Rec. Doc. No. 1.

[3] St. Rec. Vol. 1 of 4, Bill of Information, 9/30/09.

2

>    Mekdessie then spoke to the front seat passenger, defendant's girlfriend, who was cooperative and told the officer the identity and address of the driver.
>    Officer Mekdessie set up surveillance of the residence where he believed defendant lived. At some point, he saw defendant walking alongside the house, and assisting units were able to apprehend defendant and transport him to jail. According to Officer Mekdessie, when he arrived at the jail and escorted defendant inside, defendant told him the last thing the officer was going to see was the flash from his gun. Officer Mekdessie testified that when he later checked to see if defendant's shotgun was loaded, it did not have any live rounds in it.
>    Aischa Prudhomme, an expert latent fingerprint examiner, testified that she took defendant's fingerprints and compared them with the fingerprints contained in State's Exhibit 3 (documents pertaining to a prior conviction for carjacking in case number 04-1856, including a bill of information, a guilty plea form, and a minute entry) and State's Exhibit 4 (documents pertaining to a prior conviction for possession of cocaine in case number 04-55, including a bill of information, arrest card, guilty plea form, and a minute entry). Ms. Prudhomme found that the fingerprints in all of the exhibits were made by the same person, defendant.

State v. Martin, 83 So.3d 230, 232-33 (La. App. 5th Cir. 2011); State Record Volume 1 of 4, Louisiana Fifth Circuit Court of Appeal Opinion, 11-KA-160, 12/28/11.

Martin was tried before a jury on June 21 and 22, 2010, and found guilty of being a felon in possession of a weapon and not guilty on the other two charges.[4] At a hearing held on August 2, 2010, the state trial court sentenced Martin to fifteen (15) years in prison at hard labor without benefit of parole, probation or suspension of sentence.[5]

---

[4]St. Rec. Vol. 1 of 4, Trial Minutes, 6/21/10; Trial Minutes, 6/22/10; Jury Verdict; 6/22/10; Supplemental Transcript, 6/22/10; St. Rec. Vol. 2 of 4, Trial Transcript, 6/22/11; St. Rec. Vol. 3 of 4, Trial Transcript (continued), 6/22/10; Partial Trial Transcript, 6/22/10; Verdict Transcript, 6/22/10.

[5]St. Rec. Vol. 1 of 4, Sentencing Minutes, 8/2/10; St. Rec. Vol. 3 of 4, Sentencing Transcript, p. 4, 8/2/10.

Martin also entered a not guilty plea to the State's multiple offender bill charging him as a fourth felony offender.[6]

After a hearing on August 12, 2010, the state trial court denied Martin's motion for a new trial on the underlying charge.[7] After receiving evidence and testimony on the multiple bill, the court found Martin to be a fourth offender.[8] The court vacated the original sentence and sentenced Martin as a multiple offender to thirty (30) years in prison without benefit of probation or suspension of sentence.[9] The court also denied Martin's motion to reconsider the sentence.[10]

On direct appeal to the Louisiana Fifth Circuit, Martin's appointed counsel asserted that the trial court erred in denying the pretrial motion to suppress the evidence and that the trial evidence was insufficient to support the verdict.[11] Martin filed a pro se reply brief in which he reiterated and supplemented the original arguments of his

---

[6]St. Rec. Vol. 1 of 4, Sentencing Minutes, 8/2/10; Multiple Bill, 8/2/10; St. Rec. Vol. 3 of 4, Sentencing Transcript, p. 5-6, 8/2/10.

[7]St. Rec. Vol. 1 of 4, Multiple Bill Hearing Minutes, 8/12/10; Motion for New Trial, 8/12/10; St. Rec. Vol. 3 of 4, Multiple Offender Hearing Transcript, 8/12/10.

[8]St. Rec. Vol. 3 of 4, Multiple Offender Hearing Transcript, p. 20, 8/12/10.

[9]St. Rec. Vol. 1 of 4, Multiple Bill Hearing Minutes, 8/12/10; St. Rec. Vol. 3 of 4, Multiple Offender Hearing Transcript, p. 20, 8/12/10.

[10]St. Rec. Vol. 1 of 4, Multiple Bill Hearing Minutes, 8/12/10; Motion to Reconsider Sentence, 8/12/10; St. Rec. Vol. 3 of 4, Multiple Offender Hearing Transcript, p. 20, 8/12/10.

[11]St. Rec. Vol. 3 of 4, Appeal Brief, 2011-KA-0160, 5/2/11.

appointed counsel.[12] The Louisiana Fifth Circuit affirmed the conviction and sentence on December 28, 2011, finding no merit in the claims.[13]

Martin's conviction became final thirty (30) days later, on January 27, 2012, when he did not seek rehearing or file for review in the Louisiana Supreme Court. Butler v. Cain, 533 F.3d 314 (5th Cir. 2008) (citing Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)).

Almost seven months later, August 8, 2012, Martin submitted an application for post-conviction relief to the state trial court in which he asserted three claims:[14] (1) He was denied effective assistance of counsel at trial. (2) The multiple bill was defective and the State's supporting evidence was insufficient. (3) His conviction was obtained by use of evidence obtained in an unlawful arrest. After receiving a response from the State, the state trial court denied the application on January 30, 2013.[15] The court found no merit in the ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S.

---

[12] St. Rec. Vol. 3 of 4, Pro Se Appeal Brief, 2011-KA-0160, 6/27/11.

[13] Martin, 83 So.3d at 230; St. Rec. Vol. 1 of 4, 5th Cir. Opinion, 11-KA-0160, 12/28/11. The court also recognized on errors patent review that the trial court failed to impose the mandatory fine, but determined that remand was not necessary in light of Martin's indigence. The court also instructed the clerk of the trial court to amend the commitment papers to reflect that the sentence was to be served without benefit of parole.

[14] St. Rec. Vol. 1 of 4, Application for Post-Conviction Relief, 8/17/12 (dated 8/8/12).

[15] St. Rec. Vol. 1 of 4, Trial Court Order, 1/30/13; State's Opposition, 10/31/12; Trial Court Order, 10/2/12.

668 (1984). The court found the second claim challenging the multiple bill adjudication barred from review under La. Code Crim. P. art. 930.3 and State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996), which prohibit assertion of sentencing matters on post-conviction review. The court found the third claim regarding lawfulness of the arrest barred from further review as repetitive of matters raised on appeal under La. Code Crim. P. art. 930.4.

On August 19, 2013, Martin filed a motion seeking copies of certain records and transcripts.[16] The clerk of court provided him with copies of certain documents, but the state trial court otherwise denied the motion on October 8, 2013.[17]

In the meantime, on September 9, 2013, Martin submitted an application for writ of mandamus to the Louisiana Fifth Circuit seeking an order to compel the state trial court to rule on his 2012 post-conviction application.[18] The court denied the writ application as moot because the trial court had ruled on the application on January 30, 2013.[19]

The Louisiana Supreme Court denied Martin's related writ application on May 30, 2014, citing La. Code Crim. P. art. 930.6, which provides that a writ application seeking

---

[16]St. Rec. Vol. 1 of 4, Motion for Production of Documents, 8/19/13 (dated "__ day of August, 2013.")

[17]St. Rec. Vol. 1 of 4, Trial Court Order, 10/8/13; Clerk's Reply, 8/19/13.

[18]St. Rec. Vol. 4 of 4, 5th Cir. Writ Application, 13-KH-766, 9/12/13 (postmarked 9/9/13).

[19]St. Rec. Vol. 4 of 4, 5th Cir. Order, 13-KH-766, 9/23/13.

review of a trial court's denial of a post-conviction application must be brought to the appellate court.[20]

## II. FEDERAL HABEAS PETITION

On July 6, 2015, the clerk of the United States District Court for the Western District of Louisiana filed Martin's federal habeas corpus petition in which he asserts the following grounds for relief:[21] (1) The Louisiana Fifth Circuit unreasonably applied Jackson v. Virginia, 433 U.S. 307 (1979), when it found the evidence sufficient to support his conviction. (2) The Louisiana Fifth Circuit unreasonably applied Whren v. United States, 517 U.S. 806 (1996), to resolve his Fourth Amendment claims regarding the lawfulness of the traffic stop and arrest.

After the matter was transferred to this court, the State filed a response in opposition to Martin's petition, asserting that the federal petition was not timely filed and that Martin failed to exhaust state court remedies.[22] The State also argued that Martin's second claim asserted under the Fourth Amendment is not cognizable on federal review under Stone v. Powell, 428 U.S. 465 (1976).

---

[20]State ex rel. Martin v. State, 140 So.3d 1171 (La. 2014); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2013-KH-2542, 5/30/14; La. S. Ct. Writ Application, 13-KH-2542, 10/29/13 (dated 10/22/13).

[21]Rec. Doc. No. 1.

[22]Rec. Doc. No. 14.

III.     GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[23] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Martin's petition, which, for reasons discussed below, is deemed filed in federal court on June 24, 2015.[24] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

---

[23]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[24]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of the Western District docketed Martin's petition on July 6, 2015, when it was received. Martin paid the filing fee on August 31, 2015, after pauper status was denied by this court. Nevertheless, Martin dated his signature on the petition on June 24, 2015. This is the earliest date appearing in the record on which he could have presented his pleadings to prison officials for mailing to a federal court.

The State has argued that Martin failed properly to exhaust state court review of his claims and that his federal petition was not timely filed. I find that both defenses are supported by the record.

IV.     EXHAUSTION OF STATE COURT REMEDIES

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)) (emphasis added). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); accord Duncan v. Walker, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." Whitehead, 157 F.3d at 387 (citing Picard, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents <u>new legal theories</u> or <u>new factual claims</u> in his federal application." (emphasis added) Id. (citing Nobles, 127 F.3d at 420). It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court. See Baldwin v. Reese, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

To exhaust his claims in the state courts, Martin must have fairly presented the same claims and legal theories he urges in this federal court to the state courts through the Louisiana Supreme Court in a procedurally proper manner. As acknowledged by the State, Martin and his appointed counsel asserted the claims of insufficient evidence and unlawful stop and arrest in the Louisiana Fifth Circuit on direct appeal. The record reflects that Martin did <u>not</u> seek review of that court's ruling in the Louisiana Supreme Court. His failure to pursue that review left unexhausted an available state remedy.

To the extent his state application for post-conviction review asserted a claim that his stop and arrest were unlawful, he again did not seek review in a procedurally proper manner. The state trial court declined to review that claim under La. Code Crim. P. art. 930.4 as repetitive of the issue addressed on appeal. He did not seek review of that ruling

10

in the Louisiana Fifth Circuit.  His only post-conviction request to the Louisiana Fifth

Circuit was for mandamus relief in the form of an order requiring the appellate court to

rule, which was denied as moot, since the appellate court had in fact ruled earlier.

Martin's subsequent writ application to the Louisiana Supreme Court was denied as

procedurally improper under La. Code Crim. P. art. 930.6(A), which requires that he first

seek review of the denial of his post-conviction application in the circuit appellate court.

For these reasons, the record establishes that Martin failed properly to exhaust

state court review of either of the claims in his federal petition.  The record discloses no

good cause for Martin's failure to exhaust these claims, and this court can find none.

Rhines v. Weber, 544 U.S. 269, 278 (2005) (dismissal is appropriate where no good

cause is shown for the failure to exhaust).  Ordinarily, I would recommend that the

petition be dismissed without prejudice to allow Martin to exhaust available state court

remedies before seeking federal relief.

However, allowing Martin to attempt complete exhaustion would be futile in this

case.  As argued by the State, Martin did not timely file his federal petition under the

AEDPA.  The untimeliness of his filing is dispositive of his case and renders exhaustion

unnecessary.  For the following reasons, Martin's petition should be dismissed with

prejudice as time-barred.

V.   STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition in most cases within one year of the date his conviction became final.[25] Duncan, 533 U.S. at 179-80. Martin's conviction became final on January 27, 2012, when he did not seek review of his conviction or sentence in the Louisiana Supreme Court. Under a literal application of Section 2244, Martin had one year from finality of his conviction, or until Monday, January 28, 2013,[26] to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

---

[25]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
D.   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[26]The one year ended on Saturday, January 26, 2013, leaving the last day of the period to fall to the next business day, Monday, January 28, 2013. Fed. R. Civ. P. 6(a)(1)(C); La. Code Crim. P. art. 13.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Martin has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case.  The record does not demonstrate the type of circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent.  See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant

13

state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period). Martin's delay caused by his lack of diligence and failure to maintain contact with the state courts does not warrant equitable tolling.

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303,

15

306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same

substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

In Martin's case, the one-year AEDPA statute of limitations period began to run on January 28, 2012, the day after his conviction became final under federal law. The one-year period continued to run without interruption for 193 days until August 8, 2012, when he submitted his state court application for post-conviction relief. The AEDPA limitations period remained tolled until March 1, 2013, which was thirty (30) days after the state trial court ruled and Martin failed to seek further review.

The AEDPA one-year limitations period began to run again the next day, March 2, 2013, and did so uninterrupted for the remaining 172 days, until August 20, 2013, when it expired. Martin had no properly filed state court application for post-conviction relief or other collateral review pending in any state court during that period of time.

The record reflects that, near the end of that period, Martin filed a request for documents and transcript copies on August 8, 2013. However, requests for documents and transcript copies, like that submitted by Martin, are not other collateral review for purposes of the AEDPA tolling calculation. Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); Jones v. Johnson, No. 01-CV-0115-

G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson v. Grayson, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling). Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); Jones v. Johnson, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson v. Grayson, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

In addition, Martin's application for mandamus relief in the Louisiana Fifth Circuit and the related subsequent application in the Louisiana Supreme Court were filed after the one-year AEDPA filing deadline had already expired. Neither pleading provides Martin any tolling benefit. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

The record reflects that, in addition to the periods calculated above, Martin allowed another one year and twenty-four (24) days to pass before his federal petition was filed and without any additional filings in the state courts. Specifically, the Louisiana Supreme Court issued the last state court ruling on May 30, 2014, after denial

18

of Martin's state application for post-conviction relief and the related mandamus application. The record contains <u>no</u> other filings by Martin in any state court after that date. Martin did not file this federal habeas petition, deemed filed under the mailbox rule on June 24, 2015, until 389 days later. Thus, Martin allowed more than one full year to pass before filing his federal petition.

Martin's federal petition is deemed filed on June 24, 2015, which was much more than one year after the AEDPA's one-year statute of limitations expired on March 20, 2013, and more than one year after completion of any state court review. It is therefore <u>not</u> timely filed. Martin's federal petition must be dismissed with prejudice for that reason.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Martin's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v.</u>

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[27]

New Orleans, Louisiana, this ____14th____ day of January, 2016.

                JOSEPH C. WILKINSON, JR.
                UNITED STATES MAGISTRATE JUDGE

---

[27]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.